**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | | |
|---|---|---|
| i play. inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Aden & Anais, Inc., a New York | ) | |
| Corporation | ) | **Civil Action No. 1:15-CV-256** |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, i play. inc., ("Plaintiff"), by and through the undersigned counsel, alleging as follows:

## THE PARTIES

1. Plaintiff, i play, inc., is a North Carolina corporation with its principal place of business in Asheville, North Carolina.

2. Plaintiff's products, including its burp pads, are distributed through wholesale and resale outlets internationally and throughout the United States, including in the State of North Carolina.

3. Plaintiff markets its products under its registered trademarks, including GREEN SPROUTS®.

4. Plaintiff is a designer, developer and seller of high quality, healthy and environmentally-friendly clothing and products for infants and children, including several styles of burp pads, also known as burp cloths.

5. Photographs showing both sides of one of Plaintiff's GREEN SPROUTS® burp pads are attached hereto as Exhibit A and incorporated herein by reference.

6. Defendant, Aden & Anais, Inc., ("Defendant"), is a New York Corporation, with its principal place of business in Brooklyn, New York 11201.

7. Defendant, through its attorney, claims to be the owner of U.S. Patent No. D 603,142 titled "Protective Garment" for an ornamental design. A copy of U.S. Patent No. D 603,142 is attached hereto as Exhibit B.

## JURISDICTION AND VENUE

8. Defendant conducts or has conducted business within the State of North Carolina. Aden + Anais bibs & burp cloths have been and are advertised and offered for sale and sold over the internet and in retail outlets in the United States, the State of North Carolina, and in the Western District of North Carolina, including www.amazon.com, and at retail outlets including Target and Buy Buy Baby retail stores. Additionally, Defendant has sent objectively baseless patent infringement threats regarding Plaintiff's burp pads to Plaintiff in Asheville, North Carolina.

9. The amount of damages claimed by the Plaintiff to be recovered from Defendant and the amount of matters subject to the prayer for Declaratory Relief are in excess of $75,000.00.

10. Jurisdiction is established in the United States District Court in this matter pursuant to 15 U.S.C. §§ 1051, 1116, 1119 and 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a) and 2201.

11. Venue is proper in the Western District of North Carolina in accordance with 28 U.S.C. § 1391.

12. As to claims arising under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and N.C.G.S. §75.1-1, *et seq.*

## FACTUAL BACKGROUND

13. In a letter dated November 2, 2015, via FedEx, attorney Jeremy D. Richardson, on behalf of Defendant, asserted that Plaintiff "i play is marketing, offering for sale and selling burp pads under the Green Sprouts trademark identical in shape and appearance to the protective garment that is the subject of the A+A Design Patent [U.S Patent No. D 603,142]." A copy of letter dated November 2, 2015 is attached hereto as Exhibit C, with attachments.

14. Paintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of U.S. Pat. No. D 603,142, either literally or under the Doctrine of Equivalents.

15. The claim of U.S. Pat. No. D 603,142 is invalid and/or enforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation §§ 101, 102, 103, 112 and/or 171, and all applicable rules and regulations thereto.

16. Even if there were patent infringement, Defendant would not be entitled to injunctive relief because any alleged injury to Defendant is not immediate or irreparable, and Defendant has an adequate remedy at law.

17. One or more of Defendant's claims are barred, in whole or in part, by the doctrines of estopels, laches and/or waiver.

18. Contrary to Defendant's assertions, the claim of U.S. Patent No. D 603,142 does not in fact cover any of Plaintiff's burp pads, also known as burp cloths.

## COUNT 1

**(Declaration of Noninfringement of U.S. Patent No D 603,142)**

19. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

20. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

21. Plaintiff seeks a declaratory judgment that Plaintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of U.S. Pat. No. D 603,142, either literally or under the Doctrine of Equivalents.

## COUNT 2

**(Declaration of Invalidity of U.S. Patent No. D 603,142)**

22. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

23. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

24. Plaintiff seeks a declaratory judgment that the claim of U.S. Pat. No. D 603,142 is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation §§ 101, 102, 103, 112 and/or 171.

## COUNT 3

**(False Patent Marking)**

25. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs.

26. An actual and justiciable controversy requiring declaratory relief exists between Plaintiff and Defendant.

27. Defendant, either directly or through a licensee, has marked either the words "Patent Pending No. 29/327649" or the words "Patent No. D603142", depending on when sold, on a tag attached to "aden + anais™" combination burp pad and bib, in violation of 35 U.S.C. § 292.

28. Patent Application No. 29/327,649 issued as U.S. Patent No. D 603,142.

29. Neither Patent Application No. 29/327,649 nor U.S. Patent No. D 603,142 cover the "aden + anais™" combination burp pad and bib.

30. Defendant's false marking of the "aden + anais™" combination burp pad and bib was made for the purposes of deceiving the public.

31. Plaintiff has suffered a competitive injury and seeks recovery of damages under 35 U.S.C. § 292(b), as well as a declaratory judgment that the claim of U.S. Pat. No. D 603,142 do not cover the "aden + anais™" combination burp pad and bib.

## COUNT 4

**(Unfair Competition and Unfair and Deceptive Trade Practices)**

32. Plaintiff repeats and incorporates by reference the allegations of the foregoing paragraphs of this Complaint.

33. Defendant's actions constitute unfair competition and unfair and deceptive trade practices as defined by the laws of the United States of America and the State of North Carolina, including but not limited to N.C.G.S. §75.1-1.

34. Plaintiff has been damaged in an amount in excess of $75,000.00 as the direct and proximate result of each of Defendant's unfair competition and unfair and deceptive trade practices.

35. Plaintiff is entitled to recovery of treble damages and, in the discretion of the Court, reasonable attorneys' fees by virtue of Defendant's unfair and deceptive trade practices.

**WHEREFORE**, Plaintiff prays the Court as follows:

1. That the Court declare that Plaintiff has not infringed and does not infringe either directly, jointly, contributorily, or by inducement any valid and enforceable claim of U.S. Patent No D 603,142, either literally or under the Doctrine of Equivalents;

2. That the Court declare the claim of U.S. Patent No D 603,142 patent is invalid;

3. That Plaintiff have and recover judgment against Defendant Aden & Anais, Inc., for monetary damages in an amount in excess of Seventy-Five Thousand Dollars, together with interest at the legal rate until satisfied and the costs of this action;

8. That, upon appropriate findings of fact and conclusions of law, Plaintiff recover treble damages as a result of Defendant's unfair and deceptive trade practices;

9. That the Court award Plaintiff, in its discretion, its reasonable attorneys' fees, costs, and expenses.

11. That there be a trial by jury; and

12. That the Court award such other and further relief as may appear appropriate and equitable in the circumstances.

Respectfully submitted,

this the 18th day of November, 2015.

                                    NORTHUP McCONNELL & SIZEMORE, PLLC

                                    BY:    s/ Brady J. Fulton
                                                BRADY J. FULTON
                                                N.C. Bar No. 39385
                                                123 Biltmore Avenue
                                                Asheville, NC 28801
                                                Telephone: (828) 232-4481
                                                bjf@northupmcconnell.com


                                  LUEDEKA NEELY GROUP, P.A.

                                  BY:    s/ Steven C. Schnedler
                                                STEVEN C. SCHNEDLER
                                                N.C. Bar No. 16957
                                                138 Charlotte Street, # 212
                                                Asheville, NC 28801
                                                Telephone: (828) 252-0277
                                                Fax: (865) 523-4478
                                                sschnedler@luedeka.com

                                                Michael Bradford
                                                Luedeka Neely Group, P.A.
                                                900 S. Gay Street, Suite 1504
                                                Knoxville, Tennessee 37902
                                                Telephone (865) 546-4305
                                                Fax: (865) 523-4478
                                                mbradford@luedeka.com

                                Attorneys for Plaintiff